[Civil No. 3695. Filed September 28, 1936.]

[61 Pac. (2d) 170.]

B. B. MOEUR, JAMES H. KERBY, JOHN L. SULLIVAN, MIT SIMMS, ANA FROHMILLER, Constituting the State Land Department of the State of Arizona, and CHARLES P. MULLEN, State Land Commissioner, Appellants, v. ROY GILL, Appellee.

Mr. John L. Sullivan, Attorney General, and Mr. Elmer C. Coker, Assistant Attorney General, for Appellants.

Messrs. Mathews & Bilby and Mr. T. K. Shoenhair, for Appellee.

McALISTER, J.—The state land department of Arizona, composed of the Governor and four other state officers, and the state land commissioner appeal from a judgment granting a writ of prohibition directing them to refrain from canceling certain state land leases theretofore issued by the department to one Roy Gill and from awarding to other parties leases covering the same land.

The facts in the case are not in dispute and so far as material are these: On October 18, 1929, the state land commissioner, after approving applications therefor, issued for a term of five years from October 31, 1929, nine leases on certain state lands situated in Pima county, Arizona, to one Roy Gill, who on September 28, 1934, and within not less than sixty days prior to the expiration of these leases, as provided in section 2972 of the Revised Code of 1928, filed his application for renewals.

A few days prior thereto, however, three other persons, Manuel B. Garcia, Pedro B. Garcia and Gabriel B. Garcia, had each filed an application for a lease for separate portions of the same lands and on January 9, 1935, the land commissioner, after considering the rights and equities of the petitioner, rendered a decision awarding leases on the land to

him and immediately thereafter notified the Garcias of its action and of their rights under section 2966, Revised Code of 1928, to appeal from his decision within twenty days to the state land department. No appeal having been taken within this period, nine leases covering the lands in question were executed by the state land department through its authorized officers and by Roy Gill for a period of five years from October 31, 1934, and, upon payment by Roy Gill in advance of one year's rental charge therefor, the leases were issued, and have since been outstanding and in full force and effect.

After the twenty-day period for appeal had gone by and the leases had been issued the Garcias filed in the office of the land commissioner notices of appeal from the decisions of January 9, 1935, and that officer promptly dismissed them upon the ground that they had not been taken in accordance with the provisions of section 2966, Revised Code of 1928. Notwithstanding no appeals from these decisions had been taken or perfected as required by law, and, notwithstanding the notices of appeal had been filed after the twenty-day period for appealing had expired and the purported appeals had been dismissed, a newly appointed land commissioner notified the petitioner that a hearing on the appeals previously filed would be held by the state land department on June 24, 1935. The petitioner appeared before the department at the time for the sole purpose of objecting to its jurisdiction over the subject matter and moved that the appeals be dismissed upon the ground that his leases had been duly executed and delivered and were then outstanding, valid contracts in full force and effect and that they could not be canceled, except in a proceeding had in compliance with section 2971, Revised Code of 1928, providing for the can-

cellation of leases obtained through fraud. The motions were denied and the appeals heard, the result being that the leases applied for by the Garcias were ordered issued. The petitioner was notified the following day by the commissioner that his leases were to be canceled and at the same time directed to return them to that officer for this purpose. Because the hearing and the order were, in the petitioner's view, null and void, he declined to do so but on July 9th thereafter filed a petition for an alternative writ of prohibition setting forth the foregoing facts and asking that the defendants be restrained from canceling his leases and entering into others with the Garcias covering the same land, and it was ordered issued by the court.

The defendants demurred to the petition both generally and specially, and moved to quash the alternative writ, the basis of both pleadings being that the state land department had exclusive and complete jurisdiction over the subject matter of the action at all times after the filing of the applications for leases, and that the provisions of section 2966, Revised Code of 1928, prescribing the time for taking an appeal, have no application to an appeal from the state land commissioner to the state land department.

The court overruled the demurrers, denied the motion to quash and, after the defendants announced they would stand on their pleadings, ordered that the alternative writ of prohibition be made absolute. The defendants, being dissatisfied with the disposition of the case have brought it here for review.

The errors complained of by the appellants are based upon the action of the court in overruling the demurrers, denying the motion to quash, and in making the alternative writ of prohibition absolute. They grow out of the construction the trial court placed on the section of the Land Code providing for

appeals, section 2966, Revised Code of 1928. The question presented is whether under this section an appeal lies from the decision of the commissioner to the land department and, if it does, whether notice thereof must · be given within twenty days following the rendition of a decision by the commissioner. These identical questions were presented and considered in the case of *Moeur et al.* v. *Chiricahua Ranches Co., ante,* p. 226, 61 Pac. (2d) 163, just decided, and it is not necessary to do more than refer to the holding therein. It is decisive of the issues raised in this appeal.

Upon the authority of the views expressed in that case, the judgment of the trial court making the alternative writ of prohibition restraining the state land department from canceling leases issued to the petitioner, Roy Gill, under date of November 1, 1934, on certain state lands, absolute, is hereby affirmed.

LOCKWOOD, C. J., and ROSS, J., concur.